**VAN COBB, a Minor, Plaintiff-Appellant, v. SUDZINA, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3823.   Decided March 15, 1956.

Leo Waldman, Paul H. Smith, Youngstown, for plaintiff-appellant. William E. Pfau, William E. Pfau, Jr., Youngstown, for defendant-appellee.

## OPINION

Per CURIAM.

In this action brought by plaintiff against defendant to recover damages for personal injuries arising out of an automobile collision the plaintiff attached to his petition thirty-four interrogatories and requested that the defendant be required to answer the same under oath pursuant to §2317.07 R. C.

Defendant demurred to the interrogatories, and upon hearing such demurrer the court sustained the same on the thirteenth day of August, 1955, and made the following entry upon its journal:—

"This day this cause comes on for hearing on demurrer of defendant to interrogatories attached to petition, on consideration thereof, the court in the exercise of its discretion sustains the same as to the interrogatories—thirty-four in number.   While §2317.07 R. C. liberalizes and broadens the scope of the interrogatories, this court is of the opinion that it does not eliminate the use of depositions, nor does it preclude the jury from hearing the testimony of witnesses orally.   The use of interrogatories is intended to enable a party to prepare his pleadings and to prepare his case so that he may know the issues involved.   Interrogatories were never intended to be a substitute for a full trial to either a jury or a court.   Exceptions allowed."   See Journal 235-B, Page 341.

From such entry the plaintiff has appealed to this court upon questions of law.

If the court incorrectly stated the reasons for sustaining the demurrer

to the interrogatories the reasons themselves are not grounds for reversal.

If the judgment on the sustaining of the demurrer was lawful the matters embraced in the court's opinion are not binding on this reviewing court and constitute no ground of error. It is the decision of the court pronounced and not the reasons that is all important.

In the absence of an abuse of discretion the sustaining of such demurrer is not a final appealable order. See **Collins v. Cab Co., 157 Oh St 311.**

There is nothing before us to indicate that the trial judge was motivated by any unreasonable, improper or arbitrary consideration. Our conclusion is that there was no final order by the court of common pleas properly reviewable by this court, and for that reason the appeal is dismissed.

PHILLIPS, PJ, NICHOLS and GRIFFITH, JJ, concur.